FRED. A. CLARKE *vs.* WASHINGTON TERRITORY.

Under an indictment for a crime of high grade, a verdict may be rendered for a crime of a lower degree, necessarily contained in the offense charged.

If objection be not taken, to a juror, at the time of empannelling the jury, the same is waived.

A resident of this Territory, two years absent, with a fixed purpose however
of returning, does not thereby lose his residence. The circumstances of
such person voting in another state, at a Presidential election, would not
establish his residence out of the Territory, against his sworn statements
of residence here and his unchanged intention of returning.

The ruling of this Court in the case of Yelm Jim *vs.* Washington Territory,
relative to the organization of a grand jury, affirmed.

ERROR to the Second Judicial District holding terms for
Lewis county.

Opinion by FITZHUGH, Associate Justice.

In this case the plaintiff in error was indicted in the Court
below, for an assault with a cowhide upon one Henry Miles, he,
the plaintiff, having at the time with him a pistol.

He was tried at the last September term of the Court, and
found guilty of assault and battery, *only*.

The first error assigned is, that the indictment does not suf-
ficiently set forth the offense of which the defendant was con-
victed. It does set forth that the defendant, Clarke, " did as-
sault and beat Miles with a cowhide, having with him at the
time, a pistol." This is in the precise language of the statute, and
affords plain information to the defendant of the crime with
which he stood charged.

It is said the jury, by their finding the defendant guilty of
assault and battery, did not pass upon the charges contained in
the indictment. There is no better settled principle of criminal
jurisprudence, than, that under an indictment for a crime of a
high degree, a crime of the same character, of an inferior de-
gree, necessarily involved in the commission of the higher of-
fense charged, may be found. Thus, under a charge of an as-
sault with an intent to kill, the jury may find an assault only,
or an assault and battery. The same principle is involved in
this case.

To authorize a general finding of guilty upon the indict-
ment, it was necessary that the jury find:

1. That the defendant, Clarke, did assault and beat with a
cowhide, the said Miles, which would be a simple assault and
battery.

2. That he had at the time with him a pistol.

The jury, by their verdict, did not find but one of the propositions. They found him guilty of assault and battery, *only*. This being necessarily included in the crime charged in the indictment, we think the finding corresponds with the indictment, and is correct.

The second assigned error is, that Daniel House, one of the jurors who tried the cause, was not qualified.

The facts upon which this is based appear to have come out on a motion for a new trial, and by the affidavit of the juror himself. It does not appear that there was any attempt to ascertain the qualifications of the jurors, by putting them upon their oath prior to being empannelled. It was the privilege of the defendant to have done so. Had he availed himself of this privilege, and been deceived by the false answer of the juror, it would not have been too late to have complained, as soon as he should have ascertained the fact—not having done so, his right is waived, and his complaint comes too late.

Were this not the case, we think the evidence presented by the defendant himself, shows the juror, Mr. House, was competent. He was a resident here and went to California on the breaking out of the Indian war, remaining there about two years, always intending to return, and considering this country his home. The circumstance which is claimed to have established his residence in California, is his voting there for President of the United States. Had he voted for state officers, it would have had more weight, but voting for President only, it cannot be considered as establishing a residence in California, contrary to his oath that it was his fixed intention to return, and that he considered his home here in this Territory.

The last error assigned is in relation to the grand jury.

Error is alleged that the grand jury who found the indictment was illegally constituted. The same question in reference to the same grand jury, has been fully considered in the case of Yelm Jim *vs.* Territory of Washington, decided at the present term of this Court, and we have come to the conclusion that no error was committed in that respect.

Upon a careful consideration of this case, we see no cause for disturbing the judgment of the Court below.

It is therefore ordered and adjudged that the judgment of the Court below be, and the same is hereby affirmed, with costs, and that mandate issue to the District Court in accordance herewith.